OPINION. Murdock, Judge: The Commissioner has taxed Nancy Allen’s share of the income of the Memphis and Sefton cafeteria operations for 1943 and 1944 to the petitioner, but has failed to advance any legal justification for his action. The income in question was earned by partnerships of which the petitioner was not a member and from which he was not entitled to receive anything. This is not a family partnership case like the cases of Commissioner v. Tower, 327 U. S. 280, and Lusthaus v. Commissioner, 327 U. S. 293, in which a husband sought to escape tax on income which he earned. The petitioner in the present case did not earn the income in question. It does not appear that capital was a material income-producing factor or that the petitioner’s wife contributed services vital to the two partnerships, but that is not determinative where, as here, the income can not be attributed either to capital contributed by the husband or to services performed by him. Simmons v. Commissioner, 164 Fed. (2d) 220. This is a stronger case for the taxpayer than Kent v. Commissioner, 170 Fed. (2d) 131. The remaining question is whether the Commissioner erred in taxing to the petitioner income from the pinball and record-playing machines claimed by his wife to be her income. The petitioner testified that he gave his wife the pinball and Victrola “concession” in his restaurant. Actually he had already arranged for the owner of the machines to have the concession, and, so far as this record shows, there was never any dealing between the wife and the owner of the machines. The owner of the machines was required to pay for the privilege of having his machines stand in a restaurant owned by the petitioner. He agreed to pay one-half of the intake of the machines for that privilege. It does not appear that the petitioner gave to his wife any capital asset producing income or that he did anything more substantial than simply to allow her to take a part of what he was entitled to receive for permitting the machines to stand in his restaurant. Furthermore, shortly after he made this statement to his wife he took in partners and gave them a one-third interest in the restaurant. These people took a one-third interest in the one-half of the intake of the machines. In other words, the petitioner reduced the share which his wife was to take from the machines. A later partnership agreement is not entirely clear on this point, but these two agreements show that the petitioner dealt with the income from the machines as his own. Although his wife was made a party to the agreements, she received no consideration for giving up a part of the income from the machines. It has been held that one can not escape tax on income by giving the income away. Lucas v. Earl, 281 U. S. 111; Helvering v. Horst, 311 U. S. 112. The evidence on this point does not show any error in the determination of the Commissioner. Reviewed by the Court. Decision will he entered under Rule 50. Ofper, J., dissents on the first issue.